NO. 07-10-0023-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 DECEMBER 2, 2010

 ______________________________

 SAM BOOKER, JR.,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _______________________________

 FROM THE CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY;

 NO. 0922782D; HON. SHAREN WILSON, PRESIDING
 _______________________________

 Memorandum Opinion
 _______________________________

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]
 In this appeal, appellant Sam Booker, Jr. seeks reversal of the
trial court’s action in revoking his deferred adjudication probation,
adjudging him guilty of the offense of failing to register as a sex
offender, and assessing his punishment at three years confinement in
the Institutional Division of the Texas Department of Criminal
Justice. Disagreeing that the record shows reversible error, we
affirm the judgment of the trial court.
 In submitting his appeal, appellant presents two issues which,
he contends, demonstrate the trial court reversibly erred in its
decision. In his first issue, he argues that there was insufficient
evidence to show that he failed to timely pay his required supervision
fees or that he failed to complete the required one-third of his sex
offender treatment within the first year of his probation. In his
second issue, he contends that the trial court erred in modifying and
changing his conditions of probation by adding the condition that he
“successfully complete psychological counseling, treatment, and
aftercare sessions for sex offenders” almost four years after he was
initially placed on probation.
 The standard by which we review a trial court’s revocation of
probation is well established. The order revoking probation is
reviewed under an abuse of discretion standard. Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006), quoting Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984). In further clarification, the
Rickels court instructs that in probation revocation cases such as the
instant one in which the sufficiency of the evidence is questioned,
the burden of proof to sustain the trial court’s action is by a
preponderance of the evidence. Id. at 763. That is, the evidence
must be sufficient to “create a reasonable belief that the defendant
has violated a condition of his probation.” Id. at 764. In such a
proceeding, the trial judge is the sole judge of the credibility of
the witnesses and the weight to be given their testimony, Taylor v.
State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980), and the appellate
court reviews the evidence in a light most favorable to the trial
court’s ruling. Cardona v. State, 665 S.W.2d at 493. One violation
of the conditions of probation is sufficient to support a revocation
of the probation. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim.
App. 1980).
 In its petition seeking the revocation, the State alleged that
appellant had failed to timely pay his required probation supervision
fees and that he had failed to complete the mandated one-third of his
sex offender treatment within the first year after that treatment was
required. This proceeding arises from appellant’s September 2004 no-
contest plea to a charge that, as a convicted sex offender, he had
failed to timely report in person to the Fort Worth police his
intended change of residence. His probation was modified three times
in April, July, and August of 2008. His August 2008 modification
required him to submit to sex offender treatment evaluations as
directed by his supervision officer with the treatment to be completed
within three years. In that modification, it was provided that if
appellant completed one-third of the treatment within a year, an
extension of the probationary term would be considered by the trial
court.
 At the revocation hearing, although appellant testified that he
eventually made his payments, appellant’s probation supervisor, Judith
Choate, testified that appellant did not pay his probation fees during
that period alleged in the revocation petition. Ms. Choate also
testified that appellant did not meet the sex offender treatment goals
and evaluations required under the 2008 modification of his probation.
 Appellant averred that in order to accomplish the treatment
goals, he had to do homework and complete responses which he could not
do because he could not read or write. However, Ms. Choate stated
that he could have received help from the probation office had he
requested it. She said that appellant had not taken the treatment
procedure seriously, and that he blamed everyone else for his troubles
rather than himself.
 Dr. Mike Strain, a sex offender therapist, said that although
appellant did have problems reading and writing, his slow progress was
caused by “his not being very motivated . . . to do the goals and to
accept information [they] were working on in treatment.” Dr. Strain
also testified that most of the treatment goals could have been
completed by appellant on available cassette tapes. He averred that
appellant understood the cassette tape procedure and had put on tape a
list of rules related to a child avoidance plan used by probationers
such as himself.
 In sum, viewed in the light by which we review evidence in
appeals such as this one, we cannot say the trial court abused its
discretion in assessing the evidence and revoking appellant’s
probation. Appellant’s first point is overruled.
 In his second point, appellant contends that the trial court
erred by modifying his probation conditions. He was originally placed
on probation on September 30, 2004. Subsequently, on August 27, 2008,
his probation conditions were modified, and included in that
modification was the condition that he “successfully complete
psychological counseling, treatment, and aftercare sessions for sex
offenders.” As we have noted, the violation of this condition was one
of the things that led to the revocation which is the subject of this
appeal. However, §11(a) of article 42.12 of the Texas Code of
Criminal Procedure specifically provides that the court may, “at any
time during the period of community supervision, alter or modify the
conditions,” and that the judge “may impose any reasonable condition
that is designed to protect or restore . . . the victim, or punish,
rehabilitate, or reform the defendant.” Tex. Code Crim. Proc. Ann.
art. 42.11 §11(a) (Vernon Supp. 2010). Additionally, we note the
condition specifically provided that even though the required sex
offender treatment was expected to take three years and appellant had
only one year left on his probation term, if appellant successfully
completed one-third of the required treatment within one year, an
extension would be considered. Thus, appellant would not be in danger
of being revoked, even though he had not completed the full course
within the one year. Thus, the trial court did not act beyond its
discretion in adding the condition. Appellant’s second point is
overruled.
 In sum, both of appellant’s points are overruled, and the
judgment of the trial court is affirmed.

 John T. Boyd
 Senior Justice
Do not publish.

-----------------------
 [1]John T. Boyd, Senior Justice, sitting by assignment.